# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM CROCE, *et al*.,

    Plaintiffs,

v.

TRINITY MORTGAGE ASSURANCE CORPORATION, *et al*.,

    Defendants.

Case No. 2:08-CV-01612-KJD-PAL

**ORDER**

Presently before the Court is Defendants Mortgage Electronic Registration Systems ("MERS") and Aurora Loan Services, LLC's Motion to Dismiss (#7). Defendants also filed a Request for Judicial Notice (#8). Plaintiffs filed a response in opposition (#10/11) to which Defendants replied (#13). Also before the Court is Defendant Quality Loan Servicing Corporation's Motion to Dismiss (#14). Plaintiffs filed a response in opposition (#23) to which Defendant replied (#27).

I. Background

On or about May 23, 2007, Plaintiffs executed an "Interest Only Fixed Rate Note" ("the Note") promising to pay Defendant Trinity Mortgage the sum of $730,000 to finance the purchase of property located at 6731 Clay Tablet Street, Las Vegas, Nevada 89149. Plaintiffs allege that

Defendants failed to explain the workings of the interest rate, how it was computed, obtained improper fees for placing loans, and transferred servicing of the note without informing Plaintiffs amongst other claims.

Concurrently with executing the note, Plaintiffs executed a Deed of Trust. Defendant MERS was named as nominee for the Lender, Defendant Trinity, and beneficiary. Subsequently, a substitute trustee, Defendant Quality Loan Servicing Corporation ("Quality"), was named and recorded with Clark County.

On February 1, 2008, Quality sent Plaintiffs a notification that their loan was in default. On May 5, 2008, Notice of Trustee's Sale was issued and recorded. Plaintiffs filed the present action in state court on October 27, 2008, alleging violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Home Ownership and Equity Protection Act ("HOEPA"), the Fair Debt Collection Practices Act ("FDCPA"), state law claims for breach of fiduciary duty, breach of the covenant of good faith and fair dealing, and seeking injunctive relief as remedy. The foreclosure sale was completed on October 30, 2008. Moving Defendants were served with the summons and complaint no later than October 31, 2008. Defendants promptly removed the action to federal court and filed the present motions to dismiss.

II. Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the

context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III.  Analysis

    A.  Defendant Trinity

Causes of action one (1), three (3), five (5), eleven (11) and twelve (12) have been brought against Defendant Trinity Mortgage Assurance Corporation ("Trinity") only. Therefore, the Court need not address the moving parties' arguments regarding these claims, since no cause of action is asserted against them. However, it appears that Trinity has not been served with the summons and complaint within one hundred twenty (120) days of the filing of the complaint in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiffs' Complaint was filed in state court on October 27, 2008. The 120 day time period for effecting service of the summons and complaint upon Defendant Trinity expired no later than February 27, 2009. Plaintiffs have not yet filed proof of service on Defendant Trinity.

    B.  Cause of Action Two–Violation of RESPA

In Plaintiffs' second cause of action they allege that Defendants violated RESPA by placing loans for the purpose of unlawfully increasing or obtaining yield spread fees and that Aurora transferred a servicing contract without appropriate notice. However these claims must be dismissed, because the Court can take judicial notice of the adjudicative facts in Defendants Aurora and MERS' Request for Judicial Notice (#8). No yield spread premiums were paid in this case. See Request for Judicial Notice, Doc. No. 8, Exh. 4. Furthermore, the undisputed record demonstrates that Aurora

did give proper notice to Plaintiffs which was acknowledged by them. See Request for Judicial Notice, Doc. No. 8, Exh. 5. Accordingly, these claims are dismissed as to the moving Defendants.

### C. Cause of Action Four–Violation of the FDCPA

Plaintiffs' claims under the FDCPA must be dismissed because Defendants do not meet the definition of debt collectors. The FDCPA defines a debt collector as "any person ... who regularly collects or attempts to collect ... debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector" does not include:

> [A]ny person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... (ii) concerns a debt which was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6)(G). The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned. See S.Rep. No. 95-382, 95th Cong., 1st Sess. 3, reprinted in 1977 U.S.Code Cong. & Ad.News 1695, 1698. See also Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985). In this case, the FDCPA is inapplicable, since Defendants are not debt collectors. Furthermore, Plaintiffs stipulate to the dismissal of this claim. Therefore, the Court dismisses Plaintiffs' claims arising under the FDCPA.

### D. Cause of Action Six–Breach of the Covenant of Good Faith and Fair Dealing

In Plaintiffs' rather vague allegations, they assert that Defendants breached the covenant of good faith and fair dealing by commencing foreclosure proceedings without the "required documents to execute the Notice of Default." However, Plaintiffs give no details of which documents were necessary and were not in possession of Defendants. Particularly, Plaintiffs make no specific assertion as to the conduct of Aurora or MERS. Additionally, the Notice of Breach and Default recorded on February 1, 2008 demonstrates that Quality held the beneficial interest under the Deed of Trust and the Notice was sent by FIS Default Solutions as Quality's agent. See Request for Judicial Notice, Doc. No. 8, Exh. 8. This claim must also be dismissed as to all moving Defendants.

4

E.  Cause of Action Seven–Injunctive Relief for Failure to Produce Note

Plaintiffs attempt to raise a factual challenge regarding which party actually held the Note. Plaintiffs' complaint argues that upon execution of the Note, Trinity prepared a letter stating that "your mortgage account has been transferred to Aurora Loan Services, Inc." Plaintiffs then argue that a fact question remains as to whether Trinity or Aurora was authorized to receive payments under the terms of the Note. However, Plaintiffs incorrectly assert the facts. The notice, executed at the same time as the Note, merely informed Plaintiffs, in accordance with RESPA, that "servicing" had been transferred to Aurora. See Request for Judicial Notice, Doc. No. 8, Exh. 5. Plaintiffs have failed to state a claim that requires either injunctive relief or declaration of the parties' rights. Accordingly, this claim is dismissed as to all Defendants.

F.  Cause of Action Eight–Injunctive Relief to Determine Legal Status of MERS

Plaintiffs' principal argument for declaratory relief is that MERS does not have standing as a beneficiary under the Note and Deed of Trust, and therefore, is not authorized to participate in the foreclosure proceedings. Plaintiffs have cited **no** authority that is controlling upon this Court that holds that MERS cannot have standing as a nominee beneficiary in connection with a nonjudicial foreclosure proceeding under Nevada law. This Court has previously determined that MERS does have such standing. See, e.g., Orzoff v. MERS, No. 2:08-cv-01512 (Mar. 26, 2009); Dunlap v. MERS, No. 2:08-cv-00918 (Jan. 5, 2009); Beltran v. MERS, No. 2:08-cv-1101 (Jan. 5. 2009). Courts around the country have held the same. See, e.g., Johnson v. MERS, Inc., 252 Fed.Appx. 293 (11th Cir. 2007)(affirming grant of summary judgment to MERS on its foreclosure of plaintiff's property); Pfannelstiel v. MERS, Inc., 2009 WL 347716 (E.D. Cal. Feb. 11, 2009)(rejecting plaintiff's claim that MERS lacked authority to commence foreclosure proceedings on plaintiff's property); Trent v. MERS, Inc., 2007 WL 2120262 (M.D. Fla. July 20, 2007)(granting MERS' motion to dismiss plaintiff's complaint challenging property foreclosure); Smith v. Bank of New York, as Trustee, 366 B.R. 149 (Bkrtcy. D.Colo. 2007)(holding that MERS, functioning as nominee for the lender and its assigns, had standing to conduct foreclosure on behalf of the beneficiary).

Plaintiffs additionally argue that the foreclosure was improper because the Substitution of Trustee was recorded after, though signed contemporaneously with, the Notice of Breach and Default. Plaintiffs have not identified any Nevada law that requires the Substitution of Trustee to be recorded before the substitute trustee begins its duties. The Note and Deed of Trust did not require a Substitution of Trustee to be recorded first. Notice was properly and timely filed and NRS § 107.080 was substantially, if not fully, complied with. The Note and Deed of Trust executed by Plaintiffs granted the trustees and beneficiaries the power they rightfully executed in this case. Accordingly, Plaintiffs have failed to state a claim against MERS, Aurora, or Quality.

G. Cause of Action Nine–Fraud

Plaintiffs have stipulated that the fraud claims against Quality may be dismissed. Plaintiffs allege that the fraudulent statement underlying this cause of action was made when Trinity and MERS made the representation that MERS was the beneficiary under the Deed of Trust. No allegations have been made against Defendant Aurora, and accordingly, this claim is dismissed as to Defendant Aurora. Finally, the alleged fraudulent statement is not false or misleading. MERS was, in fact, the beneficiary under the Deed of Trust. Accordingly, this claim will be dismissed as to MERS.

H. Cause of Action Ten–Declaratory Relief Seeking to Declare Invalidity of Foreclosure

In Plaintiffs' tenth cause of action, Plaintiffs allege that Defendants cannot foreclose, because they do not hold the note, or somehow misused the nonjudicial foreclosure process. The Defendants in this action all have authority by the terms of the Note, Deed of Trust, or Nevada statute to take the actions that have been alleged in this case.

Because Defendants did not produce the original Note, Plaintiffs allege that Defendants did not qualify as holders in due course and had no right to act on the Deed of Trust, declare default, or proceed with the foreclosure. Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt." NRS § 107.020.

When a debtor defaults, the creditor beneficiary may resort to its security in a trustee's sale as a means of satisfying the debtor's obligation. NRS § 107.080.

The procedure for conducting a trustee's foreclosure sale in Nevada is set forth in NRS § 107.080 *et seq*. The foreclosure process is commenced by the recording of a notice of breach and election to sell by the trustee. NRS § 107.080(2)(b). After the notice of default is recorded, the trustee must wait three months. NRS § 107.080(2)(c). The trustee must then give notice of the time and place of the sale. NRS § 107.080(4). A sale is conducted, monies are bid, and a trustee's deed is issued. Foreclosure procedures must be followed or the sale will be invalid. See Rose v. First Fed. Sav. and Loan, 105 Nev. 454, 777 P.2d 1318 (1989) (trustee's sale invalid where notice requirements not satisfied).

Section 107.080 provides that the "power of sale" is conferred upon the "trustee." Defendant MERS subsequently substituted Defendant Quality as Trustee. The Substitution of Trustee made clear that Defendant Quality was the substituted Trustee. Section 107.080(b) expressly states that the trustee can execute its power of sale once "[t]he beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of his election to sell or cause to be sold the property to satisfy the obligation." Plaintiffs have failed to cite to any authority under Nevada law that a trustee's power of sale is tied to the presentment of the original note to the debtor. Thus, under NRS § 107.080, Defendant Quality, as trustee, was authorized to begin the nonjudicial foreclosure process by recording the Notice of Default and Election to Sell.

In support of Plaintiffs' argument that Defendants lacked standing to proceed with the nonjudicial foreclosure of the subject property because they failed to provide the original Note, Plaintiffs cite to a nonbinding opinion from an Ohio federal court, In re Foreclosure Cases (Deutsche Bank Nat'l Trust Co. v. Moore), Case No. 1:07CV2282 (N.D. Ohio Oct.31, 2007). However, the referenced case is distinguishable as it dealt with judicial foreclosure proceedings brought by lenders,

in contrast to the present situation.  The present lawsuit involves a nonjudical foreclosure, as expressly allowed under Nevada law.  Plaintiffs fail to convince the Court why the holding is applicable here.  As explained above, Nevada law articulates the procedures by which a nonjudicial foreclosure may be conducted, which Defendants followed in relation to Plaintiffs' Note and Deed of Trust.  Furthermore, at least under California law, an "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." Neal v. Juarez, 2007 WL 2140640 (S.D. Cal. July 23, 2007) (citing R.G. Hamilton Corp. v. Corum, 218 Cal. 92, 97, 21 P.2d 413 (1933) and California Trust Co. v. Smead Inv. Co., 6 Cal.App.2d 432, 435, 44 P.2d 624 (1935)). See, e.g., Commercial Standard Ins. Co. v. Tab Constr., Inc., 94 Nev. 536, 583 P.2d 449, 451 (Nev.1978) (stating that Nevada courts often look to California law where Nevada law is silent).  Therefore, Plaintiffs' tenth cause of action is dismissed without leave amend.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants Mortgage Electronic Registration Systems ("MERS") and Aurora Loan Services, LLC's Motion to Dismiss (#7) is **GRANTED**;

IT IS FURTHER ORDERED that  Defendant Quality Loan Servicing Corporation's Motion to Dismiss (#14) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants Mortgage Electronic Registration Systems, Aurora Loan Services, LLC, and Quality Loan Servicing Corporation and against Plaintiffs;

IT IS FURTHER ORDERED that Plaintiffs shall have up to and including October 14, 2009 to file proof of service of the summons and complaint upon Trinity within the allowed time;

////

////

////

////

If Plaintiffs fail to respond or to file proof of service, the Court will dismiss the complaint against Defendant Trinity without prejudice in accordance with Federal Rule of Civil Procedure 4(m).

DATED this 28th day of September 2009.

_____
Kent J. Dawson
United States District Judge